UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Socorro Vidal Colin,<br><br>                       Petitioner,<br><br>v.<br><br>Juan Torrie,<br><br>                      Respondent. | Case No.: 16-cv-01403-BEN-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION FOR STAY AND ISSUE AN ORDER TO SHOW CAUSE** |

Petitioner Socorro Vidal Colin filed a motion to stay her pending habeas corpus petition under 28 U.S.C. § 2254, to permit her to exhaust her state remedies on unidentified claims. Respondent filed an opposition, but Colin chose not to file a reply. For the reasons that follow, this Court recommends that her motion be denied and that an Order to Show Cause be issued requiring Colin to explain why her petition should not be dismissed as untimely.

**I. BACKGROUND**

On August 22, 2013, a San Diego County Superior Court jury found Colin guilty of possession of heroin for sale, two counts of felonious child abuse, and possession of methadone. She appealed that conviction, claiming her *Miranda* rights were violated, but the California Court of Appeal rejected that argument and affirmed on November 7, 2014. The California Supreme Court denied Colin's petition for review on January 14, 2015.

1

Colin then signed her habeas petition on June 3, 2016, and filed it five days later. In it, Colin again argues that her *Miranda* rights were violated, but also raises a number of other arguments that she admits were never presented to the California state courts. Thereafter, Colin filed the current motion, requesting to stay her petition while she exhausts her state remedies as to unidentified claims. She does not explain why she failed to exhaust those remedies earlier.[1]

## II. DISCUSSION

The exhaustion of available state remedies is a prerequisite to habeas corpus relief under 28 U.S.C. § 2254(b). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522. Such a dismissal leaves "the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510.

When *Lundy* was decided, there was no statute of limitations for filing a federal habeas corpus petition; after exhausting claims in state court, a petitioner could return to federal court "with relative ease." *Rhines v. Weber*, 544 U.S. 269, 274 (2005). But the Antiterrorism and Effective Death Penalty Act of 1996 added a one-year statute of limitations for bringing a habeas petition in federal court. *See* 28 U.S.C. § 2244(d). In *Rhines*, the Supreme Court recognized petitioners can effectively be denied the opportunity for collateral review "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement." *Id.* at 275. Therefore, the Court held that federal judges have discretion to stay mixed petitions and hold habeas proceedings in abeyance while the petitioner returns to state court to exhaust all claims. *Id.* But the Court also held that a stay and abeyance "should be available only in limited circumstances." *Id.*

---

[1] Neither party suggests that Colin litigated post-conviction proceedings with the California state courts. According to the California Supreme Court's website, she has not filed a habeas corpus petition there.

at 277; *see also Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014) ("[R]outinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings.").

A *Rhines* stay is available only in the limited circumstance that: (1) there is good cause for failing to exhaust the claims in state court; (2) the unexhausted claim(s) potentially have merit; and (3) the petitioner was not intentionally dilatory in pursuing the litigation. *Rhines*, 544 U.S. at 278.

Colin fails to satisfy the first or second condition. She provides no explanation for her failure to exhaust her claims in state court, much less good cause. Moreover, the State persuasively argues that her claims are likely time-barred, regardless of what happens in state court. Because Colin did not seek certiorari with the U.S. Supreme Court after the California Supreme Court denied her petition on January 14, 2015, her conviction became final for the purposes of the AEDPA's statute of limitations 90 days later, when the certiorari period lapsed. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Accordingly, the one-year time period began to run on April 14, 2015, and expired one year later in April 2016. Yet, as noted above, she filed the instant petition nearly two months later, on June 8, 2016, without ever suggesting that any tolling doctrine applies. So, regardless of whether she returns to state court to exhaust her state remedies, all of her claims are untimely.

Colin has one last refuge, however: the Ninth Circuit permits a second form of stay, the so-called *Kelly* stay. *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *see generally King v. Ryan*, 564 F.3d 1133, 1139-41 (9th Cir. 2009) (discussing the validity of the *Kelly*-stay procedure after the Supreme Court's *Rhines* opinion). A *Kelly* stay is available when a petitioner dismisses all unexhausted claims, stays the federal case as to the exhausted claims, then pursues exhaustion in the state courts, and finally, after exhausting all outstanding claims, amends the federal petition. *See Kelly*, 315 F.3d at 1070. But where, as here, the exhausted claim is untimely, a *Kelly* stay would be futile. Even if Colin successfully exhausted her unidentified remaining claims, they would simply relate back

to a time-barred petition. *See Figueroa v. Lea*, No. 12-CV-2882 BEN, 2014 WL 1028500, at *7 (S.D. Cal. Mar. 17, 2014) ("Even if the unexhausted claims relate back to the petition . . . , since the petition itself is untimely, a stay under *Kelly* would still be futile."); *see also Richson v. Biter*, No. CV 14-7276-SJO, 2015 WL 5031916, at *9 (C.D. Cal. Aug. 24, 2015). Thus, even if Colin requested the *Kelly*-stay procedure—which she has not—it would be unavailing.

## III. CONCLUSION

For the foregoing reasons, this Court recommends that Colin's motion for stay be denied and an order to show cause be issued requiring Colin to explain why her petition should not be dismissed as untimely.

Dated: December 23, 2016

_____
Hon. Andrew G. Schopler
United States Magistrate Judge